FILED
IN OPEN COURT

OCT 21 2020

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 2:20-cr-53 |
| | ) | |
| ADAM JAMES OCHELTREE, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## AGREED STATEMENT OF FACTS

By signing below, the United States, through undersigned counsel, the defendant, ADAM JAMES OCHELTREE, and the defendant's counsel agree that if this case had gone to trial, the United States would have proven the following facts beyond a reasonable doubt:

1. On May 6, 2020, in Norfolk, the defendant OCHELTREE distributed a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, to a DEA confidential source ("CS") in exchange for U.S. Currency. OCHELTREE was driving a rental vehicle during the transaction. The substance distributed by OCHELTREE field-tested positive for heroin and is pending further DEA forensic laboratory analysis.

2. On May 20, 2020, in Norfolk, the defendant OCHELTREE distributed 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, to CS in exchange for U.S. Currency. The substance distributed by OCHELTREE tested positive for methamphetamine. DEA laboratory analysis later determined that the substance was methamphetamine, with a net weight of 82.39 grams and a purity of 61%.

A.J.O.

3. Prior to the May 20, 2020 transaction, OCHELTREE advised the CS that OCHELTREE was going to get methamphetamine from a source of supply ("SOS"), who was through investigative means believed to be from Atlanta, Georgia.

4. During May 20, 2020 transaction, OCHELTREE entered the passenger seat of the CS's vehicle. OCHELTREE could be seen (and heard) handing the 3 ounces of methamphetamine to the CS. OCHELTREE was asked by the CS if the CS could purchase an additional 4 ounces of methamphetamine later that day. OCHELTREE advised CS that OCHELTEE sold out of all the methamphetamine he brought. OCELTREE stated he was going to pick-up his SOS and take the SOS somewhere. OCHELTREE then stated that OCHELTREE and the CS needed "to put their money together and purchase a lot of methamphetamine."

5. On May 20, 2020, DEA surveillance next observed OCHELTREE meet with at least 5 individuals after the transaction with the CS, for very brief periods that day in nearby parking lots. The brief meetings were consistent with further drug distribution activities.

6. That day on May 20, 2020, DEA surveillance also observed OCHELTREE with the suspected SOS. The vehicle OCHELTREE was driving was stopped and the suspected SOS provided incorrect information to law enforcement. Nonetheless, through investigative means, PIERRE RAYSEAN GEORGE was identified. GEORGE indicated that he was from Georgia and was staying with his girlfriend in Norfolk. GEORGE attempted to provide information to law enforcement instead of getting a summons.

7. On July 9, 2020, in Virginia Beach, the DEA arrested defendant OCHELTREE pursuant to a federal indictment. In a Lexus LS460L vehicle driven by OCHELTREE, he possessed over a mixture and substance containing a detectible amount of heroin and a mixture and substance containing a detectible amount of methamphetamine. Both substances field-tested positive, and are pending further DEA forensic analysis. The vehicle also contained digital

A.J.O.

scales, a spoon, smoking devices, $ 2774.00 in currency, and other items. On July 10, 2020, the DEA returned the Lexus to OCHELTREE's mother due to its low value as a result of a lien on the vehicle. The DEA forensic laboratory returned it examination of the suspected heroin and concluded that the two items were 61.22 grams and 27.84 grams for a total of 89.06 grams of heroin. The DEA analysis for the suspected methamphetamine is still pending.

8. After the defendant OCHELTREE was arrested on federal charges and was in jail, the investigation as to GEORGE's activities continued. On July 12, 2020, through investigative means, the DEA learned GEORGE was in Newport News staying at the Courtyard Marriott in room 510. DEA surveillance was established. DEA surveillance observed 3 individuals leave the room and enter a rental vehicle. GEORGE was identified as one of the individuals, along with his girlfriend from Norfolk. The third individual was later identified. DEA surveillance observed GEORGE drive the three of them to a residence in Newport News. GEORGE went into the residence and then left shortly thereafter. DEA surveillance then observed the vehicle drive to a store parking lot in Newport News. DEA surveillance observed GEORGE meet with a female inside her vehicle in the parking lot. DEA surveillance then observed GEORGE make an exchange with a male at another vehicle in the parking lot that was consistent with drug distribution.

9. Through investigative means, it was determined GEORGE did not have a valid driver's license in either Georgia or Virginia. Local law enforcement conducted a traffic stop while GEORGE was driving the vehicle.

10. Thereafter, a state search warrant was issued for Courtyard Marriott, room 510, the motel room linked to GEORGE. Multiple drug items, to include methamphetamine, linked to GEORGE were located.

A.J.O.

11. After the traffic stop and search, the DEA arrested GEORGE on state charges. GEORGE waived his rights and made a statement. GEORGE indicated the methamphetamine seized from the motel room belonged to him. GEORGE indicated that, among other things, he "sells large amounts of methamphetamine" to OCHELTREE, and "wasn't sure why OCHELTREE was not answering GEORGE's calls."

12. This Statement of Facts includes facts to support the plea agreement between the defendant and the United States. It does not include all the facts and it is not intended to set forth all of the facts surrounding the case known to the defendant and the United States. The actions of the defendant, as recounted above, were knowing, intentional, and deliberate. Based on the aforementioned facts, the defendant agrees he violated Counts 1 and 3 of the Superseding Indictment.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

9/14/2020
Dated

By: _____
Kevin M. Comstock
Assistant United States Attorney

9/14/2020
Dated

By: _____
Matthew J. Heck
Special Assistant United States Attorney

4

A.J.O.
SK

After consulting with my attorney and pursuant to the plea agreement between the defendant, ADAM JAMES OCHELTREE, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

9-14-2020
Dated

ADAM JAMES OCHELTREE

I am the defense attorney for ADAM JAMES OCHELTREE. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to sign the agreed statement of facts and stipulate to these facts is an informed and voluntary one.

9-14-2020
Dated

Suzanne V. Suher Katchmar
Counsel for the defendant

5

A.J.O.
SK