IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
*NORFOLK DIVISION*

FILED
IN OPEN COURT

MAR 2 6 2024

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 2:20-cr-53 |
| PIERRE RAYSEAN GEORGE, | |
| Defendant. | |

### STATEMENT OF FACTS

The United States and the defendant, PIERRE RAYSEAN GEORGE (hereinafter, "the defendant"), agree that at trial, the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

1. Based on an ongoing investigation, the DEA had determined that defendant GEORGE was a source of supply for methamphetamine based on information and investigation. Previously law enforcement stopped GEORGE with another individual. This individual was arrested on a federal complaint on July 9, 2020, with methamphetamine and other substances.

2. On July 12, 2020, DEA agents learned from cellular telephone GPS pings that the defendant GEORGE was in Newport News, Virginia. On July 13, 2020, surveillance was established at the Courtyard Marriott Newport News Airport in Newport News, Virginia. Surveillance confirmed this location as being the current location for GEORGE's cellular telephone.

3. DEA agents then drafted a subpoena for the Courtyard Marriott and then served it. Law enforcement learned George was renting room 510 at this location. Law enforcement located room 510 for purposes of knowing which window it was from the outside.

1

4. At approximately 1:05pm, agents observed a young black male wearing a white shirt looking out the window of Room 510. At approximately 1:57pm, agents observe three individuals get into a grey Dodge Journey with Michigan tags, later determined to be a rental vehicle. The three people were identified and included the defendant GEORGE who was the driver, a girlfriend of GEORGE and a third person. Surveillance observed the vehicle drive to the front of the motel, where the female got out and the motel. GEORGE continued to occupy the vehicle as the driver's and the other male was in the front passenger's seat. At approximately 2:35pm, the vehicle driven by GEORGE left the area and went to 11** 21st Street in Newport News, Virginia. Surveillance then observed GEORGE talk with unknow males at this location. At approximately 3:00pm, surveillance observed GEORGE leave this location and drive to a Walmart at 1900 Cunningham Drive, Hampton. The male passenger went into the Walmart. GEORGE exited the vehicle as approached a female. They both then got into a nearby vehicle with Virginia temporary tags. GEORGE then exited the vehicle and went toward the Walmart. GEORGE then walked toward a blue Jeep Cherokee bearing Virginia Tags occupied by an unknown male. GEORGE greeted the unknown male and made an exchange, consistent based on the agents experience with a narcotics transaction.

5. DEA had knowledge that GEORGE was not licensed either in Virginia or Georgia and could not determine with that he possessed a valid license anywhere. At approximately 4:35 pm, a Newport New patrol officer conducted a traffic stop of GEORGE who was driving the aforementioned vehicle, who the officer verified was not licensed in Georgia or Virginia. The officer could smell the odor of marijuana coming from the vehicle. Master Police Officer Huling assisted with his canine and yielded a positive alert to the vehicle. A search of the vehicle yielded thirteen bags of marijuana, four pills, a metal grinder, suspected crack cocaine,



rolling papers and one Glock magazine.  A search of GEORGE's person yielded a cellular telephone and approximately $ 3412.00 in U.S. Currency

6.	On July 13, 2020, a later search, pursuant to a search warrant, was conducted at Room 510 in the Courtyard Marriott in Newport News, Virginia associated with the defendant GEORGE.

7.	The DEA search the room and located the following: one blue line plastic bag containing a white Michael Kors plastic bag that contained three plastic bags of approximately 1352.32 grams of suspected crystal methamphetamine, designated as drug Exhibit 12.  Also, recovered from the same bag were two plastic bags containing approximately 37.10 grams of suspected methamphetamine, designated as drug Exhibit 14.  Also recovered from the same blue bag was one plastic bowl with a purple lid containing 102.20 grams of suspected methamphetamine residue, designated as drug Exhibit 15.  Also recovered from the room was a plastic bag containing approximately 86.38 grams of methamphetamine, designated as exhibit 13, located in the top nightstand drawer between two beds located in the room .  Additionally, two digital scales with residue, two smoking devices, designated as drug Exhibits 16 and 17 were also located.

8.	DEA TFO Stocks and SA Goode conducted an interview with GEORGE at the Newport News Police Department.  GEORGE was advised of his Miranda right and understood and signed the DEA-13 Miranda form.

9.	GEORGE was asked if he wanted to speak to a law enforcement and GEORGE stated that he wanted to speak with law enforcement. GEORGE stated he travels from Atlanta, Georgia to Virginia once or twice per month.  GEORGE stated that his girlfriend lives in Norfolk, Virginia.  GEORGE stated that the methamphetamine seized from his hotel belonged

3

to him.  GEORGE stated that he brought some of the methamphetamine with him and that he bought some of the methamphetamine from local source of supply.  GEORGE indicated specifically who he was intending to sell the majority of the methamphetamine he possessed in the hotel room.

10.   Exhibit 12, 13, and 14 were sent to the DEA forensic laboratory.  Exhibit 12 was reported at 1294.3 grams of methamphetamine with a purity of 79% and a pure (actual) amount of 1022.4 grams.  Exhibit 13 was reported as 51.75 grams of methamphetamine with a purity of 77% and a pure (actual) amount of 39.859 grams.  Exhibit 14 was reported as 6.933 grams of methamphetamine with a purity of 95% and a pure (actual) of 6.586 grams.

11.   All acts referenced herein occurred in the Eastern District of Virginia.

12.   Based on the above facts, the defendant agrees possessed with intent to distribute 500 grams or more of a mixture and substance containing a detectible amount of a mixture and substance containing a detectible amount of methamphetamine, in violation of 21 U.S.C. 841(a)(1) and (b)(1)(A)(viii) as charged in Count Eight.

13.   This statement of facts includes those facts necessary to support the plea agreement between the defendant and the United States.  It does not include each fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all the facts surrounding the defendant's case.

14.   The actions of the defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.



Respectfully submitted,

Jessica D. Aber
United States Attorney

Date: 3/26/24     By: _____
Kevin M. Comstock
Assistant United States Attorney

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
PIERRE RAYSEAN GEORGE

I am the defendant's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, her decision to stipulate to these facts is an informed and voluntary one.

_____
David Good
Attorney for Defendant

6